## No. 21754.

## ESTATE OF C. W. BLANPIED AND ELEANOR C. IRWIN *v.* WILLIAM HEDGES ROBINSON, JR.

(431 P.2d 481)

Decided September 5, 1967.

WAGNER and WYERS, for plaintiff in error.

Robinson and Curran, for defendant in error.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

This writ of error marks the third time we have had occasion to consider the transactions involved in this estate, particularly with reference to alleged errors urged by Eleanor C. Irwin, the plaintiff in error, who filed a late claim for $63,700 which was classified as a claim of the first class. She will be referred to herein as Irwin. Defendant in error Robinson, named executor in the will of Charles W. Blanpied who died January 27, 1955, has served in this capacity since the will was admitted to probate on February 27, 1955. He will be referred to as the executor or fiduciary herein.

The previous opinions of this court are as follows: *Irwin v. Robinson,* 143 Colo. 336, 355 P.2d 108 (1960) and *Estate of Blanpied v. Robinson,* 155 Colo. 133, 393 P.2d 355 (1964).

These previous decisions detailed the complex problems encountered in this estate. We will not encumber this opinion therefore with a recital of such details except to quote the following statement of the lower court as shown from the record which is descriptive of the nature of this estate and its problems:

"From all the evidence that has been presented here, this court is convinced that when Mr. Blanpied passed away . . . (he) didn't have an estate, and the record so shows. There were a lot of assets, which might be termed equities, but they were razor-thin and required a lot of time and patience and knowledge and experience to try to reconstruct, out of the situation that confronted the fiduciary, what he was actually faced with in the matter of assets, if any."

The last previous decision of this court affirmed in all respects the lower court's extensive findings and

judgment after hearing, the subjects of which were the executor's handling of estate transactions, his disbursements, estate receipts, and the status of claims. Those findings pertinent to our consideration of the present writ of error, are as follows:

1. The court found that "$6,180.76 less $11.25 was a proper expenditure by the fiduciary under the determination just made by the court, and that he should receive credit for such items."

2. The court found that the executor should be surcharged a total of $2,010.40 for the improper handling of a number of estate transactions.

3. The court found that the Irwin claim, which was shown to have been filed July 23, 1956, was subject to the provisions of the late claims statute (C.R.S. 1963, 153-12-13, adopted in 1949) and therefore, the court held "the first class claim of Mrs. Irwin to be paid prior to any and all claims of the fifth class."

After the last previous decision of this court was announced, Irwin filed a motion in the probate court which stated that the executor "has neglected and refused" to pay the surcharge of $2,010.40 either to Irwin or into the registry of the court. It was prayed that the court enter its order directing the executor to pay over to Irwin the amount of the surcharge plus interest from January 15, 1962, the effective date of the judgment of surcharge.

Thereupon the court ordered the executor to pay the surcharge plus interest and accordingly thereafter a cashier's check for $2,529.87 was tendered by the executor to the court which ordered it to be deposited with the registry of the court pending further hearing.

After hearing on the Irwin motion, the court filed its written opinion and order upon which it directed that judgment shall enter. The court held:

"In any event predicated upon what the Court has just said the Court repeats that the amounts expended by the fiduciary, as has been indicated by the record and

which counsel indicated, approximately $2500.00 are items which would have a prior status to the Irwin claim, which has been given the status of a priority immediately prior to the general creditors in the fifth class. Therefore, the Court orders that the amount heretofore paid into the Registry of the Court shall forthwith be returned to Mr. Robinson to apply on those items which were expended by him in the preservation of the estate and have a second class status."

Irwin c aims the court erred when it ordered that the surcharge and interest be returned to the executor; and that this money should have been given to Irwin to be credited on her claim of the first class. It is urged that when the lower court in 1960 ruled that the Irwin claim was a claim of the first class, that was a final judgment, and therefore all funds coming into the estate are subservient to this claim. C.R.S. 1963, 153-12-2(1)(b) provides that:

"Personal property he d by or in the possession of the deceased person as fiduciary or trustee shall comprise the first c ass."

However, at the time of the decedent's death. the money which Irwin had turned over to him for investment purposes was non-existent. The estate consisted of mostly equity interests in numerous properties. Confronted with this situation, the court in ordering the surcharge amount returned to the executor made some additional findings regarding the payment of certain estate expenses required in order to liquidate such equity interests. The court commented that such expenses of necessity must be allowed before payment of a first class claim, this being particularly applicable where a first class claim is late filed.

Although this finding would appear to be dispositive of the issue before us on this writ of error, we find that the Probate Court overlooked one important item about the Irwin claim and the executor's questionable

handling of it. This is well described in our 1960 decision as follows:

"Equally confusing is the record with reference to the claim of Irwin. Robinson had, on various occasions from 1951 until February 1956, acted as counsel for Irwin. In July of 1955 Robinson, executor of the estate and counsel for Irwin, prepared for Irwin her claim against the estate for $65,700.00, and as executor signed a statement, attached to the claim, requesting that it be allowed as a claim of *the first class*. Robinson testified that the day following preparation of this claim he left it with the court file in the court room. Happily, one year later the claim was found loose in the estate file; whereupon the court filing stamp, dated July 23, 1956, was placed thereon and a notation made thereon by the county judge as follows: '7/23/56 late filing allowed without prejudice.' "

The following additional statement which generally characterizes the executor's handling of the estate matters, also from our 1960 decision, is of significance:

"Further complications arise out of the action of the executor: in disbursing estate funds without the necessity of the recipient filing a claim; expending funds in settlement of claims filed but never submitted to the court for approval; expending funds in direct violation of a court order to make no such expenditures; paying fifth class claims when the estate was known to be insolvent and when it was known that estate funds were not sufficient to pay the first class claims in full; paying some first class claims in full and others not at all."

█ In our view, these circumstances dictate that Irwin, and not the executor, is entitled to receive the surcharge amount and interest.

█ When a surcharge is adjudged against a fiduciary, the amount is required to be paid into the estate forthwith. It becomes an asset of the estate and subject to the claims against the estate. The Irwin claim

of the first class was subjected to certain conditions because of its late filing. The executor, whose improper handling of this claim caused it to be classified as a late filed claim, should not benefit by these conditions, by being reimbursed from these estate assets for expenses, including advancements by him, thereby prejudicing Irwin's right to payment on her claim.

The judgment is reversed with directions to order the executor to forthwith deposit in the registry of the Probate Court the surcharge amount and interest previously deposited, and to order its payment to Irwin to be credited on her claim.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.